**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10574

ARLENE R. BOGOSLAWSKI,

Plaintiff-Appellant

VERSUS

DECATUR RESTAURANT LIMITED, d/b/a Grandy's of Decatur;
GAINSESVILLE RESTAURANT LIMITED, d/b/a Grandy's of Gainesville,

Defendants-Appellees

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CV-651-T)
February 27, 1998

Before REYNALDO G. GARZA, DUHÉ, and STEWART, Circuit Judges.

JOHN M. DUHÉ, JR., Circuit Judge:[1]

Appellant, a former supervisor for two chain restaurants, sued Appellees, the owners, for sex-based discrimination under Title VII. Appellant could not show that Appellee's reason for firing her was pretextual so the district court granted summary judgment. We affirm.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Appellees purchased two Grandy's restaurants, one in Gainesville, Texas and the other in Decatur, Texas. At the time of purchase, Arlene Bogoslawski ("Bogoslawski") supervised those two restaurants. Appellees kept Bogoslawski as supervisor of the restaurants until she was fired[2] on September 30, 1994.

Immediately after her firing, Appellees hired another female employee to serve as temporary general manager of the Gainesville restaurant. Appellees eliminated the job of supervisor of the two restaurants; however, they later made a man supervisor over the two restaurants as well as another one.

Bogoslawski sued Appellees alleging sex-based discrimination. Appellees successfully moved for summary judgment and the district court entered a final judgment dismissing Bogoslawski's claim. She now appeals.

## ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews grants of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). A claim warrants summary judgment when there is no genuine issue of material fact. FED. R. CIV. P. 56(c). We review the evidence in the lights most favorable to the non movant. Daly v.

---

[2]There is some dispute about whether Bogoslawski quit or was fired, but for purposes of this opinion, we assume she was fired.

Spraque, 675 F.2d 716 (5th Cir. 1982).

**B. THE MERITS**

To establish a claim of sex-based discrimination under Title VII, the plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action. Finally, the burden shifts back to the plaintiff to prove that the articulated reason is pretextual and that discrimination was the real reason. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Walton v. Bisco Industries, Inc. 119 F.3d 368, 370 (5th Cir. 1997). Like the district court, we assume that Bogoslawski has made a prima facie case. By making that assumption, we also necessarily assume that she was fired. Once a prima facie case is established or assumed, an inference of discrimination arises and the Appellees have to articulate a legitimate, nondiscriminatory reason. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 510-11 (1993); Rhodes v. Guiberson Oil Tools, Inc., 75 F.3d 989, 992 (5th Cir. 1996) (en banc). If not, then Bogoslawski wins. See generally, Walton, 119 F.3d at 370.

The Appellees contend that they fired Bogoslawski because her management style conflicted with theirs. The district court found, and we agree, that this is a legitimate, nondiscriminatory reason. The issue is whether Bogoslawski has created an issue of material

3

fact that the Appellees' reason was pretextual and that she was actually fired because she is a female.

To avoid summary judgment, Bogoslawski must show that the evidence taken as a whole 1) creates a fact issue as to whether Appellees' reason is pretextual and 2) creates a reasonable inference that gender was a determinative factor in the adverse employment action. Rhodes, 75 F.3d at 994. Bogoslawski argues that the district court erred because it examined her pretext evidence in isolation.

To show that Appellees proffered reason is mere pretext, Bogoslawski argues that the proffered reason is a "mere conclusory allegation" and as such is not competent summary judgment evidence. She points out that Appellees contradicted themselves in initially arguing that she quit and then stating her management style would have warranted firing. We see no contradiction. Because we (and the district court) assumed that Bogoslawski was fired, Appellees had to articulate a legitimate, non-discriminatory reason for firing her. Here, the alternate explanations cannot be considered evidence of pretext.

Bogoslawski also argues that there was ample evidence to show that a question of fact existed as to whether she was fired over her management skills. She points to Robert McGlory's[3] deposition and affidavit testimony in support. She contends that while

---

[3]McGlory supervised the Gainesville and Decatur restaurants with Bogoslawski.

4

McGlory's affidavit testimony is intended to cast doubt on her management skills, his deposition is contradictory. We disagree. Bogoslawski is correct in stating that McGlory's affidavit states that their management styles conflicted; however, his deposition implies the same information. There is no contradiction, and thus, no evidence of pretext. Bogoslawski has not created an issue of fact that Appellees' legitimate, nondiscriminatory reason is pretextual; therefore her claim fails.

## CONCLUSION

For the above reasons, we AFFIRM.